|    |                                                                  |
|----|------------------------------------------------------------------|
| 1  |                                                                  |
| 2  |                                                                  |
| 3  |                                                                  |
| 4  |                                                                  |
| 5  |                                                                  |
| 6  |                                                                  |
| 7  |                                                                  |
| 8  | IN THE UNITED STATES DISTRICT COURT                              |
| 9  | FOR THE EASTERN DISTRICT OF CALIFORNIA                           |
| 10 | MICHAEL S. MATLOCK,                                              |
| 11 |     Petitioner,    No. 2:08-cv-1665 MCE JFM (HC) |
| 12 |   vs.                                                  |
| 13 | M. MARTEL, Warden, et al.,                                       |
| 14 |     Respondents.    FINDINGS AND RECOMMENDATIONS |
| 15 | _____/                                 |

Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted of two counts of second degree murder and attempted murder on August 15, 1985. (Respt's Ex. 5.) Petitioner was sentenced on September 12, 1985 to serve a term of fifteen-years-to-life imprisonment in the California Department of Corrections. See February 1, 2005 Findings and Recommendations, at 1 (No. Civ. S-03-0513 LKK KJM).[1] Petitioner challenges the administration of his sentence by California authorities, and is not challenging his sentence or conviction. Respondents' October 30, 2008 motion to dismiss is now before the court.

/////

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1

By this action, petitioner claims that his constitutional rights have been violated because his sentence is being unlawfully administered and his continued confinement violates state and federal constitutions; petitioner's sentence is being arbitrarily administered in violation of the rule of law because the California Parole Board no longer possessed the power to fix plaintiff's term of incarceration; and petitioner is being denied his vested right to have been paroled according to the express language of Proposition 7. (Petition at 6.) Essentially, petitioner contends that he did not receive a life sentence with the possibility of parole for the second degree murder conviction and that his prison term should be fixed at fifteen years and he should have been released after the expiration of his base term of 15 years minus his accrued good-time credits.

Respondents have moved to dismiss this action as duplicative, procedurally barred, barred by the one year statute of limitations codified at 28 U.S.C. § 2244, and for failure to state a cognizable claim for relief in this federal habeas corpus action.

Petitioner contends respondent is incorrectly administering his prison sentence under Proposition 7 and the California Penal Code. However, a writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts. Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985), Gutierrez v. Griggs, 695 F.2d 1195, 1197-98 (9th Cir. 1983). It is unavailable for alleged error in the interpretation or application of state law.[2] Middleton v. Cupp, 768 F.2d at 1085; see also Lincoln

---

[2] The San Mateo Superior Court addressed petitioner's claim as follows:
> Petitioner reads the Determinate Sentencing Law, which went into effect on July 1, 1977, to prohibit life sentences. However, the legislature excluded certain crimes, such as the second degree murder in this case, from the determinate sentencing scheme applicable to other offenses. *See* PC § 1170(a)(3); *In re Monigold* (1983) 139 Cal.App.3d 485, 490. Petitioner was sentenced to a minimum of 15 years and a maximum of life in prison, not to 15 years in prison as he intimates. His sentence was authorized by statute. *See* PC § 190. Petitioner having been sentenced to fifteen years *to life,* his agreed upon term has not been exceeded, and his sentence has not been unlawfully administered as a result.

2

v. Sunn, 807 F.2d 805, 814 (9th Cir. 1987); Givens v. Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986). Plaintiff attempts to bring his claims as a violation of his right to due process and equal protection, but they remain state law claims nonetheless. See Little v. Crawford, 449 F.3d 1075, 1083 n.6 (9th Cir. 2006). Despite plaintiff's citation to the Constitution, he has not alleged a cognizable constitutional violation because he is challenging the state's implementation of his prison sentence.

Petitioner also claims that defendants have not applied against his sentence all good time credits to which he is entitled. Review of the petition shows that, notwithstanding the references to the United States Constitution, petitioner's claims concerning the application of good time credits to his sentence are grounded in state law. A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts. Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985), Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983). It is unavailable for alleged error in the interpretation or application of state law. Middleton v. Cupp, 768 F.2d at 1085; see also, Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1987); Givens v. Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986). Accordingly, this claim should be dismissed.

Finally, the court has reviewed petitioner's filings to determine whether he raised a challenge to the Board of Parole Hearings' denial of parole at a particular parole board hearing based on the deprivation of his liberty interest in parole. See In re Lawrence, 44 Cal.4th 1181, 1212, 82 Cal.Rptr.3d 169 (2008). It is clear, however, that petitioner is attempting to challenge the manner in which respondents "adhere to their rules, regulations and law pertaining to suitability and term fixing within a 'reasonable amount of time' and within the time extrapolated in Pen. Code § 2931." (Traverse at 12.)

/////

---

In re: Michael S. Matlock, On Habeas Corpus, Case No. SC-14833, HC-1777 Order of Denial, June 27, 2006 (Respt.'s Ex. 17.)

3

Petitioner's initial parole hearing was on February 16, 1993. (Traverse at 13.) Although he states he last attended a parole hearing in 1998, and has not participated in any parole hearings since (id.),[3] he later states his last parole hearing was on July 19, 2006. (Traverse at 17.) Any attempt to challenge denials of parole as a violation of due process at those hearings would now be time-barred. Redd v. McGrath, 343 F.3d 1077 (9th Cir. 2003) [28 § 2244(d) one year statute of limitations period applies to state parole board decisions].

Petitioner contends he has now served nearly 24 years in prison on his 15 years to life sentence and has been disciplinary-free during the entirety of his incarceration. (Traverse at 2.) The court also notes that on September 7, 1989, petitioner's Minimum Eligible Parole Date was recalculated to January 31, 1994. (Traverse, Ex. 2.) However, in order for petitioner to raise a due process challenge based on an alleged deprivation of liberty interest in parole, he must first timely challenge the denial of parole in state court before he can raise it on habeas in federal court.[4] Petitioner may wish to reconsider his decision not to cooperate in future parole hearings. See In re Lawrence, *supra*.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Respondents' October 30, 2008 motion to dismiss be granted; and

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty

---

[3] Petitioner also provided a copy of the first six pages of the transcript from his February 5, 2001 hearing. (Traverse, Ex. 3.) At that hearing, petitioner noted his objection to the jurisdiction of the Board of Prison Terms and chose not to participate in the parole hearing. (Id. at 5-6.)

[4] The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

1 | days after being served with these findings and recommendations, any party may file written
2 | objections with the court and serve a copy on all parties.  Such a document should be captioned
3 | "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that
4 | failure to file objections within the specified time may waive the right to appeal the District
5 | Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  May 26, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

1; matl1665.mtd